WYANT v. SMITH.

A count in slander charged that the defendant spoke of the plaintiff the following words : " *D—n his little soul, I believe he is bouging about making his meat out of the woods, and selling his hogs at home ; I can prove he had a hog hanging up at his house this fall with a crop off one ear; I have lost my hogs, and I believe he and his nearest neighbors got them ; he marked my hogs ; he is in the practice of marking hogs that run in the woods ;* he has been taken up for hog-stealing, and one of his brothers cried like h—ll to get him out of the scrape ; he is a hog-thief, and gets his living by killing other people's hogs ; he is a thief." General demurrer to the words in italics. *Held,* that the demurrer was not objectionable for being to only a part of the words laid. *Held,* also, that the words demurred to were not actionable.

APPEAL from the *Boone* Circuit Court.

DEWEY, J.— *Wyant* sued *Smith* for slander. The declaration contains two counts. The first charges the speaking the following words : " *D—n his little soul, I believe he is bouging about making his meat out of the woods, and selling his hogs at home ;*" " *I can prove he had a hog hanging up at his house this fall with a crop off one ear ;*" " *I have lost my hogs, and I believe he and his nearest neighbors got them ;*" " *he marked my hogs ;*" " *he is in the practice of marking hogs that run in the woods ;*" "he has been taken up for hog-stealing, and one of his brothers cried like h—ll to get him out of the scrape ;" "he is a hog-thief, and gets his living by killing other people's hogs ;" "he is a thief." The second count contains substantially the same words laid to have been spoken in the second person. The defendant demurred specially to both counts, assigning duplicity as the cause. The plaintiff joined in the demurrer, which was overruled by the Court. The defendant afterwards, no objection being made, put in a

May Term,
1840.

WYANT
v.
SMITH.

general demurrer to the words in the first count which are in italics, and to the corresponding words in the second count, and pleaded not guilty to the residue of the declaration ; he also justified as to the whole cause of action. The plaintiff joined in the demurrer, and replied *de injuria* to the special plea. The Court sustained the general demurrer. Verdict and judgment for the defendant upon the issues of fact.

No question is raised under the special demurrer, as we consider it was withdrawn by the defendant, when he filed his general demurrer to a part of the declaration and not guilty as to the rest, and his special plea to the whole cause of action—a course which the plaintiff sanctioned by his conduct.

The only point to be determined is, whether the general demurrer to a part of the words in each count was properly sustained. A defendant has the right to demur to a part of a declaration, or count, (whether there be one or more counts,) if the matter of it be divisible. 1 Chitt. Pl. 643. Such we consider to be the character of these counts ; each contains several sets of words which are actionable. But the words in italics in the first count, and the corresponding words in the second count, to which the demurrer extends, are not actionable. They make no charge against the plaintiff of having committed a crime punishable at all by indictment. The demurrer was correctly sustained.

The result would be the same, should each set of words in each count be considered a separate count, as under a general demurrer they must be, if a special demurrer for duplicity could have prevailed.

*Per Curiam.*—The judgment is affirmed with costs.
*C. Fletcher*, *O. Butler*, and *C. C. Nave*, for the appellant.
*P. Sweetser*, for the appellee.